UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| TERRANCE E. LACEY, SR., | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO. 1:19-CV-456-HAB-SLC |
| ALLEN CO. SUPERIOR COURT #4, | |
| Defendant. | |

**OPINION AND ORDER**

Terrance E. Lacey, Sr., is a prisoner who filed a complaint without a lawyer and seeks leave to proceed in forma pauperis. However, Lacey is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and Lacey has five strikes.[1] An inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine

---

[1] (1) *Lacey v. State of Indiana*, 3:18-CV-322 (N.D. Ind. filed May 3, 2018), dismissed May 9, 2018, for failure to state a claim;
(2) *Lacey v. Indiana Dept. of Corrections*, 3:18-CV-323 (N.D. Ind. filed May 3, 2018), dismissed July 3, 2018, for failure to state a claim;
(3) *Lacey v. Griggs*, 3:18-CV-587 (N.D. Ind. filed August 2, 2018), dismissed October 9, 2018, for failure to state a claim;
(4) *Lacey v. Starke County Police*, 3:18-CV-340 (N.D. Ind. filed May 5, 2018), dismissed November 11, 2018, for failure to state a claim; and
(5) *Lacey v. Grage*, 1:18-CV-2618 (S.D. Ind. filed August 24, 2018), dismissed November 11, 2018, for failure to state a claim.

emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Lacey is attempting to sue Allen Co. Superior Court #4 because he believes his State criminal sentence is improper and he should be released from prison. This is not the first time he has brought this claim. In *Lacey v. State of Indiana*, 3:18-CV-322 (N.D. Ind. filed May 3, 2018), he was told "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). It is frivolous to file a civil complaint seeking to overturn a State court conviction. It is malicious to do so twice. Moreover, these allegations do not plausibly allege imminent danger of serious physical injury.

Nonetheless, Lacey filed this complaint without paying the filing fee. He seeks leave to proceed in forma pauperis by filing a copy of his inmate trust fund ledger, even though he knew he was struck out. In *Lacey v. Richards*, 3:19-CV-126 (N.D. Ind. filed March 13, 2019), he was told he had five strikes. He was told he could not proceed in forma pauperis. He was told he had to pre-pay the $400 filing fee because he had not alleged that he was in imminent danger of serious physical injury.

The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997),

2

that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Lacey restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this Order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). This restriction does not prevent him from filing a habeas corpus petition challenging the validity of his State court conviction.

For these reasons, the Court:

(1) **DISMISSES** this case pursuant to 28 U.S.C. § 1915A because it is both frivolous and malicious;

(2) **DENIES** Terrance E. Lacey, Sr., leave to proceed in forma pauperis (ECF No. 2);

(3) **ORDERS** the Plaintiff, **Terrance E. Lacey, Sr., IDOC # 111380**, to pay (and the facility having custody of him to automatically remit) to the Clerk of Court 20% of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(4) **DIRECTS** the Clerk of Court to create a ledger for receipt of these funds;

3

(5) **DIRECTS** the Clerk of Court to return, unfiled, any papers filed in any case by or on behalf of Terrance E. Lacey, Sr., (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) **DIRECTS** the Clerk to note on the docket of this case any attempted filings in violation of this order; and

(7) **DIRECTS** the Clerk to ensure that a copy of this Opinion and Order is mailed to each facility where the Plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on November 4, 2019.

                                              *s/ Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT